## THE BARGES 2 AND 4.

### McMULLEN v. BARGES 2 AND 4.

#### (District Court, S. D. New York. June 9, 1893.)

LIENS FOR REPAIRS—NOTES—APPROPRIATION OF PAYMENTS.

Where several notes have been given for different bills of repairs, and some of the notes paid in full, and others in part, the appropriation of

the notes upon the bills should be made in their chronological order, in the absence of any other proof of intention, and the payments upon the notes also applied in the same way.

In Admiralty. Libels on domestic liens for repairs. Decrees for libelant.

Hyland & Zabriskie, for libelant.
W. J. Weldon, for claimants.

BROWN, District Judge. I cannot find in this case any evidence that the libelant, after filing his specifications of lien, by accepting the four notes of September 10th "in settlement," intended to waive the security which the statute gave him upon his specifications of lien filed in July previous. There are no special circumstances showing any such intention; and I shall follow in that regard the rulings in the case of The Alabama, 22 Fed. Rep. 449; The D. B. Steelman, 48 Fed. Rep. 580, and The John C. Fisher, 1 C. C. A. 624, 50 Fed. Rep. 703, and other cases.

A question arises, however, on the application of payments. On July 13, 1892, specifications were filed for claims to the amount of $655.40 for repairs on barges 2 and 4 completed within 30 days prior to that date. On August 3d work amounting to $9 was done for barges 2 and 3 belonging to the same owner without any separate designation, and on August 13th work amounting to $82.35 was done on No. 3. For neither of the last two items was any specification of lien filed. On September 10, 1892, the libelant received from the owner four notes of that date "in settlement of bills for repairs on barges 2, 3, and 4." Three of the notes were for $186.69, maturing respectively 1, 2, and 3 months from their dates; and the fourth for $186.68 maturing four months from the same date. The two notes maturing first were paid in full. $86.69 was paid on the 3-months note, and the balance of $100 due on that note was included in two subsequent notes embracing other work; while the fourth note remains wholly unpaid.

For the claimants it is contended that as the four notes of September 10th embraced $91.35 for which no lien was filed, the different debts were so merged and consolidated that the different claims can no longer be separated, nor any specific lien claimed upon either of the barges, because it is impossible to determine how much is due from either. The Kiersage, 2 Curt. 421; Read v. Hull of a New Brig, 1 Story, 250; The Pacific, 1 Blatchf. 569, 573.

In the present case, however, there was no general contract covering the various boats, except as to the single item of nine dollars, nor any such confusion or general credit for work on different boats under one charge as appeared in the cases cited. Nor is there any difficulty, as it seems to me, in making the application of the notes, or of the payments made upon the notes, in such a manner as to accord with the presumed intention of the parties. The notes of 1, 2, 3, and 4 months respectively, and the amounts paid upon those notes, should be applied as payments of cash would have been applied, had there been no notes given; namely, chronologically. This

accords with the natural course of dealing; and the evidence does not afford the least reason to suppose that the parties had any different intention. The A. R. Dunlap, 1 Low. 350, 361, 362; The Mary K. Campbell, 40 Fed. Rep. 906. The repairs done in August amounting to $91.35 constitute the last items; and they must, therefore, be held to be embraced in the note at four months which matured last and is still wholly unpaid. The sums paid upon the other three notes must, in like manner, be applied chronologically on the earlier items which are covered by the specifications filed in July. After applying the amount of money thus paid, namely, $460.07 upon the July specifications, which amounted to $655.40, there remains a balance of liens unpaid amounting to $195.33, for which the libelant is entitled to decrees against the two barges, to be apportioned as the bills indicate, with interest from the maturity of the notes.